**Julio Aviles RABAZZA et al., Plaintiffs,**

v.

**The SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA et al., Defendants.**

Civ. No. 315-67.

United States District Court,
D. Puerto Rico.

Feb. 2, 1972.

Antonio J. Amadeo Murga, Amadeo, Benet & Oliveras, Santurce, P. R., for plaintiffs.

Ginoris Vizcarra de Lopez-Lay, Santurce, P. R., Lopez-Lay, Vizcarra & Escanellas, San Juan, P. R., for defendants.

OPINION and ORDER

FERNANDEZ-BADILLO, District Judge.

This cause came to be heard upon the motion of the defendant for dismissal of the complaint for lack of jurisdiction over the subject matter on the grounds that the plaintiffs' claim constitutes an unfair labor practice and, as such, subject to the exclusive jurisdiction of the National Labor Relations Board. Defendant alternatively alleged in support of its motion for dismissal that the plaintiffs' allegations do not properly plead a violation of the duty of fair representation.

The case has been pending before this court since 1967. At the time the defendant filed its motion, it had already been set for trial on the issue of liability. In view of the fact that a finding of lack of jurisdiction would have terminated the controversy in this court, the case was continued until the court could rule on the jurisdictional issue.

Both parties have filed memoranda in support of their contentions which together with the allegations contained in the complaint and other documents on file, the court has examined in order to rule on the present motion.

Defendant's main claim is that the complaint by the employees asserting a breach of the union's duty of fair representation constitutes a charge of an unfair labor practice subject to the exclusive jurisdiction of the National Labor Relations Board which pre-empts federal and state court jurisdiction. Defendant relies on Amalgamated Assoc. of Street, Electric Railway and Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S. Ct. 1909, 29 L.Ed.2d 473 (1971) which it interprets as having "revindicated" the doctrine established in the decision of the National Labor Relations Board in 140 N.L.R.B. 181 (1962), enforcement denied National Labor Relations Board v. Miranda Fuel Co., 326 F.2d 172 (C.A. 2nd Cir. 1963). Thus, at page 8 of its brief, it contends that:

"The holding of the Supreme Court in the *Lockridge* case, has revindicated

the doctrine in the case of *Miranda Fuel Co.* 140 N.L.R.B. 181, 51 L.R.R. M. 1584 (1962), 326 F.2d 172 (CA 2), wherein the National Labor Relations Board ruled that a breach by a labor union of its duty to fairly represent its members constitutes a violation of Sections 8(b) (1) (A) and 8(b) (2) of the National Labor Relations Act."

It is reading entirely too much in *Lockridge* to state that its holding has revindicated the *Miranda Fuel* [1] doctrine, rejected in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966). In the latter case it is said:

" . . . This Court recognized in *Steele* [v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173] that the congressional grant of power to a union to act as exclusive collective bargaining representative, with its corresponding reduction in the individual rights of the employees so represented, would raise grave constitutional problems if unions were free to exercise this power to further racial discrimination . . . .

Since that landmark decision, the duty of fair representation has stood as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law. Were we to hold, as petitioners and the Government urge, that the courts are foreclosed by the NLRB's *Miranda Fuel* decision from this traditional supervisory jurisdiction, the individual employee injured by arbitrary or discriminatory union conduct could no longer be assured of impartial review of his complaint, since the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint".

The recent Lockridge decision has in no way altered the Court's prior refusal of *Miranda Fuel*. For it is a fact that the Court there said that Count One of Lockridge's complaint could be construed to assert a fair representation duty charge.[2] The Court's "refusal to limit judicial competence to rectify a breach of the duty of fair representation" was again reaffirmed in *Lockridge*.

The court has further examined the allegations of the complaint and finds

---

[1]. In *Miranda Fuel*, the Board interpreted a breach of a union's duty of fair representation as an unfair labor practice.

[2]. The Court states 403 U.S. at pp. 299–300, 91 S.Ct. at p. 1924 that:

" . . . Indeed, in Vaca v. Sipes, 386 U.S. 171 [87 S.Ct. 903, 17 L.Ed. 2d 842] (1967), we held that an action seeking damages for injury inflicted by a breach of a union's duty of fair representation was judicially cognizable in any event, that is, even if the conduct complained of was arguably protected or prohibited by the National Labor Relations Act and whether or not the lawsuit was bottomed on a collective agreement. Perhaps Count One of Lockridge's second amended complaint could be construed to assert either or both of these theories of recovery. *However*, it is unnecessary to pass upon the extent to which Garmon [San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775] would be inapplicable if it were shown that in these circumstances petitioner not only breached its contractual obligations to respondent, but did so in a manner that constituted a breach of the duty of fair representation. For such a claim to be made out, Lockridge must have proved 'arbitrary or bad faith conduct on the part of the Union.' Vaca v. Sipes, supra, at 193 [87 S.Ct., at 918]. There must be 'substantial evidence of fraud, deceitful action or dishonest conduct.' Humphrey v. Moore [375 U.S. 335], supra [375 U.S.,] at 348 [84 S.Ct. at 371, 11 L.Ed.2d 370]. Whether these requisite elements have been proved is a matter of federal law. Quite obviously, they were not even asserted to be relevant in the proceedings below. As the Idaho Supreme Court stated in affirming the verdict of Lockridge, '[t]his was a misinterpretation of a contract. Whatever the underlying motive for expulsion might have been, this case has been submitted and tried on the interpretation of the contract, not on a theory of discrimination.' [93 Idaho [294], at 303–304, 460 P.2d [719], at 728–729]."

that they contain more than "conclusory statements alleging improper representation." Lusk v. Eastern Products Corporation (4th Cir., 1970), 427 F.2d 705. There are sufficient factual allegations to state a claim for breach of the duty of fair representation, therefore, dismissal on this ground is not justified.

In view of the foregoing, the motion of the defendant to dismiss for lack of jurisdiction must be and is hereby denied.